Kenneth L. Neeley, 025899
Brian M. Blum, 024243
**NEELEY LAW FIRM, PLC**
2250 E. Germann Rd., Ste. 11
Chandler, Arizona 85286
Tel: 480.802.4647 | Fax: 480.907.1648
info@neeleylaw.com

*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Marcus William Sparks,<br><br>Debtor. | Chapter 7<br><br>Case No.: 2:13-bk-03024-EPB<br><br>**Response to Trustee's Objection to Property Claimed Exempt** |

Debtor Marcus William Sparks hereby responds to the Trustee David A. Birdsell's Objection to Property Claimed Exempt. (Doc. No. 12.)

The Trustee objects to the Debtor's claimed exemption in (1) artwork (the "Artwork") and (2) a Computer Tower, MOTU HD Express, External SATA HD Storage, Samson MDR 1688 Mixer, Samsung T260 Monitor/TV, Sony HVR A1U, Senheiser Wireless Mic System, Bogen/Manfrotto Tripod, DVD Duplicator, JVC SVHS/DV" (collectively the "Equipment").

*Legal Authority*

1. An individual debtor may exempt property from the bankruptcy estate pursuant to 11 U.S.C. § 522(b).
2. Whether a debtor may use the exemptions outlined in § 522(d) (the "Federal Bankruptcy Exemptions") or some specific State's exemption scheme is determined by the debtor's Sate of domicile in the 730 day period prior to filing the petition. § 522(b)(3)(A).
3. Pursuant to the formula in § 522(b)(3)(A), a Debtor who was domiciled in Arizona for the 730 period prior to the petition date must look to Arizona law to determine

which exemption scheme he or she may use. Arizona has "opted-out" of the Federal Bankruptcy Exemption scheme. A.R.S. § 33-1133(B). Therefore, such a debtor may only use Arizona exemptions or certain Federal nonbankruptcy exemptions.

4. Arizona law provides for an exemption in tools of a Debtor's trade. A.R.S. § 33-1130(1). Specifically this statute exempts,

> [t]he tools, equipment, instruments and books of a debtor or the spouse of a debtor primarily used in, and necessary to carry on, the commercial activity, trade, business or profession of the debtor or the debtor's spouse, not in excess of an aggregate fair market value of two thousand five hundred dollars.

*Artwork*

5. Debtor concedes that no available exemption covers the Artwork. The Debtor notes, however, that the artwork is of *di minimis* value and should be abandoned by the estate.

*The Equipment*

6. The Debtor has been domiciled in Arizona for more than 2 years immediately prior to the petition date. (Declaration of Marcus William Sparks in Support of His Response to Trustee's Objection to Property Claimed Exempt ("Declaration") at ¶ 4.)
7. The Debtor has owned and operated the partnership known as Creative Sparks Productions (the "Business") since 2003. (Declaration at ¶ 5.)
8. The Business did own the Equipment prior to filing this bankruptcy case, however the Business transferred its interest to the Debtor pre-petition. (Declaration at ¶¶ 6, 7.)
9. The Debtor uses the Equipment to do work for the Business. (Declaration at ¶ 8.)
10. Accordingly, the Equipment is exempt pursuant to A.R.S § 33-1130(1).

//

//

//

*Wherefore*, the Debtor requests that the Court enter an order sustaining the Trustee's objection with regards to the Artwork and overruling the Trustee's objection with regards to the Equipment.

DATED: May 28, 2013          **NEELEY LAW FIRM, PLC**

                                */s/Brian M. Blum*
                                Kenneth L. Neeley
                                Brian M. Blum
                                *Attorneys for Debtors*

### *Certificate of Service*

I certify that on May 28, 2013 I electronically transmitted this document to the Clerk's office using the CM/ECF system for filing and transmittal of a notice of electronic filing to the following CM/ECF registrants:

David A. Birdsell
dab@azbktrustee.com
*Chapter 7 Trustee*

U.S. Trustee
USTPRegion14.PX.ECF@USDOJ.GOV

By:    */s/Brian M. Blum*